PARKER, Judge.
The appellant, State of Florida, Department of Health and Rehabilitative Services (HRS), challenges the Public Employees Relations Commission’s (PERC) final order awarding Dr. David Stackhouse and Dr. Chung-Ho Chen backpay and attorney’s fees after they were laid off because the establishment of the HRS’s competitive area for these career service employees was arbitrary and capricious. We reverse, concluding that the designation of each County Public Health Unit (CPHU) as a competitive area is not arbitrary nor capricious because HRS and the Department of Administration (DOA) followed the statutory and administrative code guidelines for establishing competitive areas and for layoffs.
Hillsborough’s CPHU is an organizational unit of HRS. Dr. Stackhouse and Dr. Chen were employed there as dentist/dental director and dentist respectively. In 1989 HRS experienced revenue shortages due to underfunding by the state legislature and local governments. In 1991 the state legislature deleted 409 HRS positions and reduced the amount available for HRS salaries by a projected twenty-one million dollars. Of this amount, six million was to come from the state’s sixty-seven CPHUs. To resolve its budget deficit, HRS chose to cut the adult dental service pi’ogram because it was an optional service with a lower priority than other services provided by the CPHUs, such as medical care for pregnant mothers. Administrative officials and HRS determined that the competitive area for the Hillsbor-ough CPHU layoffs would be the Hillsbor-ough CPHU.
In December 1991 HRS submitted an initial request to DOA that the competitive area for all CPHU layoffs statewide be each county’s CPHU. Three days later the DOA approved HRS’s requested competitive area. The following day HRS submitted its formal request for approval of the competitive area for Hillsborough’s CPHU layoffs, along with a list of the affected positions, which was the entire dental unit of the Hillsborough’s CPHU.[1]
In January 1992 HRS notified Dr. Stack-house and Dr. Chen that their layoffs would be effective February 6, 1992, along with the entire Hillsborough CPHU dental staff. Neither Dr. Stackhouse nor Dr. Chen could request a reassignment or demotion to another dental position within Hillsborough’s CPHU, because the entire dental program was eliminated.
*270 PERC found that the configuration of the competitive area, the dental unit in this case, was too narrow and therefore arbitrary and capricious. PERC directed HRS to reconfigure its competitive area to provide these dentists with bumping rights and to submit that reconfiguration to DOA. Also, PERC found that HRS’s actions as to these two dentists did not constitute true layoffs but instead were constructive dismissals entitling the dentists to backpay, attorney’s fees, and costs. We disagree.
PERC erred in determining that the competitive area was drawn too narrowly. Section 110.227(3)(a), Florida Statutes (1991) describes the procedures that an agency must follow when faced with the prospect of layoffs. While DOA is required to approve the competitive area, the selection of the competitive area is a matter legislatively placed within the sound discretion of each agency.
The record supports the fact that HRS and the DOA took into consideration the required approval criteria set out in section 110.227, Florida Statutes (1991) and Florida Administrative Code Rule 22A-7.011 in determining the competitive area for these health units. The statutory guide for career service employee layoffs is set out in section 110.-227(3)(a) and (b), Florida Statutes (1991) as follows:
(3)(a) When a layoff becomes necessary, such layoff shall be conducted with the competitive area identified by the agency head and approved by the Department of Administration [now Department of Management Services]. Such competitive area shall be established taking into consideration the similarity of the work; the organizational unit, which may be by agency, department, division, bureau, or other organizational unit; and the commuting area for the work affected.
(b) Layoff procedures shall be developed to establish the relative merit and fitness of employees and shall include a formula for uniform application among all employees in the competitive area, taking into consideration the type of appointment, the length of service, and the quality of performance.
Section 110.227(3)(a) and (b), Fla.Stat. (1991).
The administrative rule pertaining to layoffs tracks the statute. Florida Administrative Code Rule 60K-4.011 provides:
(1) A layoff is defined as termination of employment due to abolishment of positions necessitated by a shortage of funds or work, or a material change in the duties or organization of an agency.
(2) The first step in the layoff procedure is for the agency head to identify the positions to be abolished and the competitive area within the agency in which layoff shall be conducted.
(3) As soon as the positions to be abolished have been identified, the agency head shall submit a list of the affected classes and position numbers to the department along with a request for competitive area approval. The competitive area designation should take into consideration the similarity of work; any special qualifications required for positions; the organizational unit, which may be by agency, department, division, bureau, or other organizational unit; and the commuting area for the work affected. The department shall respond within 5 workdays from receipt of the request. Selective competition within the competitive area may be authorized by the department based upon specific qualifications deemed necessary for a position if the duties and responsibilities requiring such qualifications are clearly reflected in the official position description on file with the department for the position.
Fla.Admin.Code R. 60K-4.011. This section also provides for a situation where HRS lays off only a few positions within a competitive area. The employee with the highest total retention points receives the greatest insulation from layoff. This is commonly called retention rights during layoffs and provides a point system involving length of service and work performance to establish which career employee remains employed within a competitive area during layoffs.
The record supports that the agency considered each of the required factors. First, *271 HRS determined that six million dollars had to be cut from the sixty-seven county health units. HRS then determined that the dental program had a lower priority than other services offered. Following its review, PERC properly concluded that the agency had a legitimate reason to abolish the dental programs. The record supports that HRS considered the organizational unit. Florida Administrative Code Rule 60K-4.011, like the authorizing statute, section 110.227(3), lists the type of organizational units which may be designated as competitive areas. Significantly, the competitive area may be an agency, department, division, bureau, or other organizational unit. We ascertain no improprieties for an agency to designate a bureau or even an office within its structure as a competitive area, even if there are similar classes of employees located outside of the selected competitive area within the agency.
PERC adds in its order an additional criterion, opportunity to exercise bumping rights, which is not found in the rules or statutes for the selection of a competitive area. If every competitive area is structured to enable each of the affected employeés the opportunity to exercise bumping rights, only agency-wide competitive areas can be selected and approved.
PERC misunderstood the application of bumping following a layoff. PERC describes bumping rights as a determination of employee’s retention based on a point ranking. Instead of a bumping right, the process PERC describes is retention rights during layoff, a process of ranking permanent status employees on a layoff list based on their total retention points. See Fla.Admin.Code R. 60K-4.011(5)(d) and (e). Layoff is in inverse order beginning at the bottom of the list. The total number of positions to be abolished determines how far the agency’s layoff will progress through the employee rankings.
Bumping is a separate process and is not available to every employee who is laid off. After an employee is notified of an impending layoff, the employee has seven days to request a reassignment or demotion within the competitive area to a position in a class in which the employee held permanent status, or a position in an area at or below the position in which the employee held permanent status, in lieu of layoff. If a position is available, the laid off employee effectively “bumps” the current employee from that position. The broader the competitive area, the greater the opportunity for bumping someone from his job. Likewise, the displaced employee will have a greater opportunity of displacing another employee. Conversely, a narrower competitive area provides fewer opportunities for reassignment.
This is a case of first impression in Florida. With no persuasive cases to aid this court, we conclude that PERC’s final order misinterpreted the requirements of the statutes and administrative rules. We, therefore, reverse the final order and remand with instructions that PERC enter a final order affirming HRS’s layoffs.
Reversed and remanded.
FRANK, C.J., and SCHEB, JOHN M., Senior Judge, concur.

. The hearing officer’s recommended order does not address whether the DOA subsequently approved the request for the Hillsborough’s CPHU layoffs. However, the record supports that DOA did approve this request. This fact is not important to our determination, and we do not rely on it because the competitive area for each CPHU, statewide, had already been approved.