ALLEN, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from an order of the Public Employees Relations Commission (PERC) disapproving HRS’s layoff of the appellee and awarding the appellee back pay, attorney’s fees and costs. We affirm PERC’s refusal to approve HRS’s layoff of the appellee because HRS failed to prove that it followed correct layoff procedures, but we reverse the award of back pay, attorney’s fees and costs because such awards are not authorized by statute.
HRS argues that in the absence of a specific complaint regarding its selection of the “competitive area” under rule 60K-4.011, Florida Administrative Code, relating to layoffs, it was not required to prove that it followed the procedures outlined in the rule. We disagree. Although the actual selection of the competitive area is a matter within the discretion of the agency, the agency must follow the statutory and administrative code guidelines. See State v. Stackhouse, 629 So.2d 268 (Fla. 2d DCA1993). Furthermore, rule 60K-4.011(9) specifically states that “in the event the employee elects to appeal the action taken, such appeal must be based upon whether the layoff was in accordance with the provisions of this section.” (Emphasis added.) We agree with PERC’s determination that HRS was required to prove that the layoff was conducted in accordance with the provisions of rule 60K-4.011. HRS has conceded that it did not present proof of its compliance with certain requirements of the rule. We therefore affirm PERC’s refusal to approve the layoff.
We do, however, find merit in HRS’s argument that the appellee was not entitled to back pay, attorney’s fees and costs. Section 447.208(3)(e), Florida Statutes (1993), authorizes an award for back pay, attorneys fees and costs when the employee prevails in any appeal “relating to demotions, suspensions, or dismissals.” This subsection does not mention or otherwise include “layoffs.” Compare § 447.207(8), Fla.Stats. (1993) (authorizing PERC to hear appeals “arising out of any suspension, reduction in pay, transfer, layoff, demotion, or dismissal_” (emphasis added)). PERC nonetheless awarded back pay, attorney’s fees and costs based on section 447.208(3)(e) by characterizing appel-lee’s layoff as a “constructive dismissal.” This is an improper application of the statute and frustrates legislative intent. The legislature recognized the difference between a dismissal and a layoff, as evidenced by section 447.207(8), and chose to exclude layoffs from section 447.208(3)(e). In accordance with the plain wording of the statute, we reverse the award of back pay, attorney’s fees and costs.
*101 Accordingly, that portion of the order which awards back pay, attorney’s fees and costs is reversed. In all other respects, the order is affirmed.
LAWRENCE, J., and SHIVERS, Senior Judge, concur.